## J. OBERMANN BREWING COMPANY
### v.
## CHARLES H. GURNEY.

*Negotiable Instrument—Note—Due Bill—Mistake as to Meaning of.*

An erroneous interpretation of the terms of a due bill by its maker is no defense to an action thereon.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. SIDNEY C. EASTMAN, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

GARNETT, P. J.    Appellee sued appellant in an action of assumpsit in the Superior Court on a written instrument, which reads as follows:

$400.                                    CHICAGO, Sept. 25, 1885.

Due Gustav Weishaupt, the sum of four hundred dollars for value received.    Interest six per cent from date until paid.    Said sum to be paid in full one year from date.    It is further agreed that we will pay him on account of said sum during said year such sums as our books show credit due to Charles Clark from day to day.

J. OBERMANN BREWING COMPANY,

(Limited)

By G. J. OBERMANN, Vice-president.

Weishaupt indorsed and transferred the paper to appellee, for whom judgment was given.    The defense now urged is in effect that appellant's officer, who attended to the transaction, did not understand the legal effect of the instrument.    No claim is set up that the execution of the instrument was procured by fraud and circumvention.    The vice-president, who wrote the signature, admits that he knew at the time what was in the paper, and says he ought to have known better

than to sign it, but he had confidence he was being protected. That was the time to provide for appellant's protection, if any was agreed on. The understanding of appellant, or its erroneous interpretation of the terms of the writing, can not be interposed as a defense. The words are plain and unambiguous, the consideration was sufficient in law, and we see no reason to disturb the judgment.

*Decree affirmed.*